# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

GLENN HOPLER, on behalf of himself
and all others similarly situated,

              Plaintiff,        Case No.

    v.

ZURN INDUSTRIES, LLC, REXNORD
LLC, and REXNORD CORP.,

              Defendants.

## CLASS ACTION COMPLAINT

The allegations herein are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to all other matters based on an investigation by counsel.

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from his purchase of defective QickClamp Crimp Rings manufactured, distributed and sold by Defendants Zurn Industries, LLC, Rexnord LLC and Rexnord Corp. (collectively, "Defendants" or "Zurn").

2. Defendants describe their QickClamp System as "a one-tool crimp solution used to effectively and conveniently make connections for 3/8", 1/2", and 3/4" PEX crimp fittings." In other words, Zurn QickClamps are used to seal connections between PEX water pipes and the polymer, brass or copper fittings that connect them. The sole purpose of the Qickclamps is to apply force to these connections in the form of a tightened metal band so that water cannot leak out.

1

3. But because Zurn QickClamps have a design defect, they do not prevent leaking for long. A properly designed clamp would be made out of a metal not susceptible to stress corrosion cracking (SCC). But Zurn's QickClamps are instead manufactured from SCC-susceptible stainless steel that corrodes when exposed to moisture and chlorine . In addition, Zurn QickClamps are excessively thin which subjects them to higher levels of stress.

4. The result of these design defects is that Zurn QickClamps are extremely prone to failure. Over just a few years, the clamps quickly corrode and crack simultaneously. As a result, the joints that are supposed to be sealed shut start leaking and cause property damage. The Zurn QickClamps are thus not only entirely worthless, but end up costing owners significant sums of money.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants. Defendants purposefully avail themselves of the Wisconsin consumer market and distribute Zurn QickClamp Crimp Rings in many of locations within this District. The Court also has personal jurisdiction over Defendants because Defendants are all headquartered in this District.

6. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(a). Substantial acts in furtherance of the alleged improper conduct, including the manufacturing, distribution, and sale of Zurn QickClamp Crimp Rings, and decisions related to design and sale of that product rendering, occurred within this District.

**PARTIES**

8. Plaintiff Glenn Hopler is, and at all times mentioned herein was, a resident of Lincroft, New Jersey, and a citizen of the State of New Jersey. In or about May 2012, Plaintiff purchased hundreds of Zurn QickClamp Crimp Rings through the plumber he had contracted to help him build his house. Plaintiff's licensed plumber installed the Zurn QickClamp Crimp Rings soon thereafter and his home passed all subsequent inspections. All was well until approximately two years later when the Zurn QickClamp Crimp Rings started to fail. Specifically, metal seams in the QickClamps started to burst, which caused leaks. At first, one or two small leaks appeared, but over the next few years the problem became increasingly worse. The QickClamps in Plaintiff's master bathroom failed, which destroyed the kitchen ceiling below. Plaintiff had to tear the bathroom apart to fix the problem and had to replace his entire kitchen ceiling. Similarly, the QickClamps in a separate upstairs bathroom burst, which caused a leak in the ceiling of the first floor bathroom below, requiring more repairs. As a result of these and other leaks, Plaintiff has been forced to shut off the water in entire sections of his house for years at a time. Overall, the defective Zurn QickClamp Crimp Rings have cost Plaintiff well over $100,000 in repair costs alone. The defects have also significantly decreased the value of Plaintiff's home and have essentially prevented Plaintiff from selling his home altogether. On February 1, 2019, Plaintiff filed a product claim with Defendants setting out the property damage that their defective QickClamps had caused. After receiving no response, Plaintiff's attorney

friend wrote Defendants a follow up letter. Finally, Defendants responded on September 23, 2019 on Zurn letterhead but signed by an employee of Rexnord Corp. Therein, Zurn denied that there was any defect in the clamps. But this was not true. The use of low-grade and excessively thin stainless steel in the QickClamps rendered them prone to corrosion and cracking. As a result of these design defects, Plaintiff's QickClamps failed and caused him over $100,000 in property damage. Had Plaintiff known that there was a design defect in the Zurn QickClamp Crimp Rings, he would not have agreed to purchase them or to pay as much for them.

9. Defendant Zurn Industries, LLC is a Delaware corporation with its principal place of business located at 511 W. Freshwater Way, Milwaukee, WI 53204.

10. Defendant Rexnord LLC is a Delaware corporation with its principal place of business located at 511 W. Freshwater Way, Milwaukee, WI 53204.

11. Defendant Rexnord Corp. is a Delaware corporation with its principal place of business located at 511 W. Freshwater Way, Milwaukee, WI 53204.

## CLASS ACTION ALLEGATIONS

12. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons in the United States who purchased a Zurn Qickclamp Crimp Ring (the "Class").

13. Plaintiff also seeks to represent a subclass defined as all persons in New Jersey who purchased a Zurn QickClamp Crimp Ring (the "New Jersey Subclass" or "Subclass").

14. Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Subclass number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution

4

records of Defendant and third-party retailers and vendors.

15. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: whether Zurn QickClamp Crimp Rings have a design defect, whether Zurn QickClamp Crimp Rings are fit for their intended purpose, and whether Defendants were unjustly enriched.

16. The claims of the named Plaintiff are typical of the claims of the Class and Subclass in that the named Plaintiff purchased Zurn QickClamp Crimp Rings with a design defect and which leaked.

17. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

18. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class and Subclass members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach Of Implied Warranty)

19. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

20. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

21. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Zurn QickClamp Crimp Rings were fit for their ordinary purpose, i.e. sealing connections between PEX piping and fittings.

22. Defendants breached this implied warranty because Zurn QickClamps Crimp Rings are in fact not fit for their ordinary purpose. The QickClamps were defectively designed because they are made with low-grade stainless steel that is too thin which renders them prone to corrosion and cracking, then leaks.

23. Plaintiff and members of the Class and Subclass purchased the QickClamps in reliance upon this implied warranty. But because the QickClamps were defectively designed, members of the Class and Subclass did not receive the goods as warranted.

24. As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiff and members of the Class and Subclass have been injured and harmed because they would not have purchased the QickClamps on the same terms if they knew about the design defect. In addition, many of the Class and Subclass members have sustained injuries in the form of property damaged caused by the faulty QickClamps.

## COUNT II
### (Unjust Enrichment)

25. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

26. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendants.

27. Plaintiff and members of the Class and Subclass conferred benefits on Defendants by purchasing the QickClamps. In return, Defendants should have provided Plaintiff and members of the Class and Subclass with QickClamps rings that were not defective, i.e. with QickClamps that were not prone to corrosion, cracking and failure.

28. But Defendants' retention of the revenue obtained for the QickClamps is manifestly unjust and inequitable because the QickClamps were defective. Plaintiff and members of the Class and Subclass paid for clamps that could seal the joints between PEX pipes and fittings, but instead received faulty clamps that were destined to fail and cause leaks.

29. Plaintiff and members of the Class and Subclass are entitled to restitution in the amount of Defendants' ill-gotten gains, benefits and profits, including interest, resulting from their unlawful, unjust and inequitable conduct. Plaintiff and members of the Class and Subclass therefore seek an order requiring Defendants to disgorge their gains and profits to Plaintiff and members of the Class and Subclass, together with interest, in a manner to be determined by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the Class Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

b. For an order declaring Defendants' conduct violates the laws referenced herein;

c. For an order finding in favor of Plaintiff, the Class, and the Subclass on all counts asserted herein;

d. For compensatory damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees, expenses, and costs of suit.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 19, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Joseph I. Marchese*
        Joseph I. Marchese

Joseph I. Marchese
888 7th Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com

*Attorneys for Plaintiff*